IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LISCHEFSKI,

      Plaintiff,                            No. 2:10-cv-2367 KJN P

    vs.

K. DICKINSON, et al.,                     ORDER

      Defendants.
_____/

I. Introduction

        Plaintiff is a state prisoner proceeding without counsel, and is challenging the conditions of his confinement while incarcerated at the California Medical Facility ("CMF") on August 14, 2008. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On September 2, 2010, defendants Saecho, Simmons, and Dickinson[1] removed the instant action from Solano County Superior Court, and paid the $350.00 filing fee. On February 25, 2011, plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983. (Dkt.

---

[1] Although Mike Knowles is listed as a defendant in the text portion of page one, Warden K Dickinson is not listed there. In the caption of the complaint, only Warden K. Dickinson, C/O Saecho, and D. Simmons are listed as defendants. (Dkt. No. 1-1 at 2.) Only defendants Saechao, Simmons and Dickinson have been served with process. (Dkt. No. 1 at 2.) Plaintiff did not include the name Mike Knowles or Warden Knowles on the summons form. (Dkt. No. 1-3 at 3.)

1

1  No. 6 at 1.) However, in the previous lawsuit section of this amended complaint, plaintiff states

2  that this case was removed to federal court against his wishes, and that the case should be

3  remanded to state court for clarification. (Dkt. No. 6 at 1.)

4  II. Summary of State Court Complaint

5        Plaintiff names as defendants Wardens Knowles and Dickinson, and Correctional

6  Officers Saecho and D. Simmons. All of the defendants are employees of CMF, where the

7  events at issue allegedly occurred. Plaintiff requests monetary damages not to exceed

8  $10,000.00, and punitive damages.

9        On the form complaint, plaintiff marked the box for "other damages" and typed in

10  "professional negligence." (Dkt. No. 1-1 at 2.) Plaintiff confirmed in the body of the complaint

11  that his cause of action was for general negligence. (Dkt. No. 1-1 at 3.) Plaintiff claims he

12  suffered "excruciating pain and suffering without aid or help." (Id.) The form complaint

13  includes no specific allegations as to each named defendant. However, appended to the

14  complaint is a copy of plaintiff's administrative appeal, in which plaintiff alleges that he went

15  "man down" on August 14, 2008, due to "severe sickness, heat exposure and surgery

16  complications." (Dkt. No. 1-1 at 5.) Plaintiff alleges that the escort officer, defendant Simmons,

17  came to take plaintiff to a blood draw appointment. However, plaintiff was "vomiting and

18  choking so bad," defendant Simmons stated that "I am just an escort officer, he's too sick, I can't

19  take him." (Id.) Plaintiff alleges defendant Simmons also refused to take plaintiff to the hospital

20  "man down" while plaintiff was in his wheelchair. Plaintiff also claims he pled "man down to

21  see a doctor A.S.A.P. EMERGENCY," but first watch officer Saecho ignored plaintiff. (Id.)

22  There are no charging allegations as to defendants Dickinson or Knowles. (Id.) In the

23  administrative appeal, plaintiff requested to have defendant Saecho "removed from his job for

24  deliberate indifference to the medical needs of HIV/AIDS patients. Nominal & Punitive

25  damages sought deliberate violation of 8th Amendment rights." (Id.)

26  ////

III. <u>Removal and Remand</u>

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. <u>See</u> 28 U.S.C. § 1441. However, a case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. <u>See</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); <u>see also</u> <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. <u>Id.</u>; <u>see also</u> <u>Phillips Petroleum Co. v. Texaco, Inc.</u>, 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'") (internal citations omitted).

IV. <u>Analysis</u>

As noted above, plaintiff objects to the removal of this action and seeks remand to state court. (Dkt. No. 6 at 1.)

Defendant removed plaintiff's complaint based on federal question jurisdiction under 28 U.S.C. § 1441(b), contending that the action "arises under 42 U.S.C. § 1983 as it makes a claim under the Eighth Amendment of the United States Constitution," and that the court has supplemental jurisdiction under 28 U.S.C. § 1367 as to plaintiff's remaining claims.

However, the court has reviewed plaintiff's state court complaint and finds no specific reference to the United States Constitution, treaties, or federal law. Plaintiff uses a

3

California state civil case complaint form to describe his case as a professional negligence action. (Dkt. No. 1-1 at 2.) The complaint alleges a cause of action for general negligence, and that plaintiff allegedly suffered excruciating pain and suffering without aid or help. (Dkt. No. 1-1 at 3.) Plaintiff also provided copies of his claim filed with the State of California Victim Compensation and Government Claims Board under the provisions of the California Tort Claims Act. (Dkt. No. 1-1 at 4, 7.) Plaintiff appended a copy of his administrative appeal, wherein he sought damages based on a "deliberate violation" of the Eighth Amendment. However, nowhere in the complaint does plaintiff specifically refer to the Constitution, Section 1983, federal civil rights, the Eighth Amendment, or any other federal law. Moreover, negligence is a state, not federal, cause of action. 28 U.S.C. § 1331; United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 594, 83 Cal.Rptr. 418, 422 (1970). The fact that plaintiff sought damages under the Eighth Amendment during the administrative appeals process in prison does not confer federal jurisdiction. Plaintiff is free to bring a civil rights complaint under the California Constitution, and both the United States Constitution and the California Constitution contain protections against cruel and unusual punishment. Cal. Civ. Code § 51; U.S. Const. amend. VIII; Cal. Const. art. 1, ¶ 17. Plaintiff's reference to the Eighth Amendment in a CMF administrative appeal is insufficient, without more, to demonstrate plaintiff intended to raise such a claim in the complaint, which is devoid of such a reference. In addition, plaintiff must demonstrate a more culpable state of mind for a claim to rise to the level of deliberate indifference as required under the Eighth Amendment. Mere negligence is insufficient for Eighth Amendment liability. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

        As stated above, plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action. Based on these facts, the court finds that the face of plaintiff's state court complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V. Conclusion

Therefore, the Court finds that the federal court lacks jurisdiction over plaintiff's complaint and the action is not removable. Accordingly, IT IS HEREBY ORDERED that:

1. This action is remanded to the Solano County Superior Court; and

2. The Clerk is directed to close the case and serve notice of the remand by mailing a certified copy of this order of remand to the clerk of the Solano County Superior Court.

DATED: May 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lisc2367.rem